IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   No. 1:15-cr-10018-JDB-2

ROBERT TROY ANDERSON,

    Defendant.

_____

ORDER DENYING DEFENDANT'S REQUEST FOR COMPASSIONATE RELEASE
_____

The Defendant, Robert Troy Anderson, is currently in the custody of the Bureau of Prisons ("BOP") at United States Penitentiary Marion in Illinois and has a projected release date of March 25, 2026. https://www.bop.gov/inmateloc/ (last visited Aug. 26, 2022). On May 26, 2020, he filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) because of the COVID-19 pandemic, which had begun a few months earlier. (Docket Entry ("D.E.") 638.) The motion was supplemented by appointed counsel on June 8, 2020. (D.E. 642.) Following the Court's denial of the motion, as supplemented, for failure to exhaust administrative remedies on September 18, 2020 (D.E. 651), counsel filed a second supplemental motion for the same relief on December 4, 2020 (D.E. 653). That motion was denied on the merits on March 15, 2021. (D.E. 660.) A year later, on March 11, 2022, Defendant moved for appointment of counsel to assist him in again seeking compassionate release (D.E. 681), which was denied on March 17, 2022 (D.E. 682). Immediately thereafter, Anderson filed a second motion for appointment of counsel. (D.E. 683.) This time, in an order entered March 24, 2022, the Court denied the motion for counsel but construed the filing as another motion for compassionate release and directed the Government to

1

respond. (D.E. 684.) The Government filed its response on April 6, 2022. (D.E. 685.) Defendant has made no additional filings since.

In his latest motion, the Defendant asserts that he suffers from various medical conditions, that medical care within the BOP is "not ideal," and that he is at high risk for a serious outcome should he contract COVID-19. (D.E. 683.) The Court will assume for purposes of the instant motion that Anderson has exhausted his administrative remedies.

A defendant's § 3582(c)(1)(A)(i) motion must be denied "if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the [18 U.S.C.] § 3553(a) factors support a reduction." *United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022). In its March 15, 2021, merits order, the Court presumed for the sake of argument that Anderson's medical conditions in light of the pandemic satisfied the extraordinary-and-compelling prong of the § 3582(c)(1)(A)(i) inquiry. His claim faltered, however, upon review of the § 3553(a) factors, which the Court found did not support early release.

In the period since the Court's issuance of its merits order, there is nothing in the record to indicate that anything has changed with respect to those factors. Thus, the Court again concludes that the factors do not favor release. *See United States v. Allen*, Criminal Case No. 14-20191, 2022 WL 340581, at \*\*1-2 (E.D. Mich. Feb. 4, 2022) (denying subsequent motion for compassionate release under § 3582(c)(1)(A)(i) where nothing had changed in intervening year since court initially found the § 3553(a) factors did not support such relief). The motion is DENIED.[1] The

---

[1] To the extent Anderson contends that USP Marion's alleged inadequate treatment of his health conditions constitutes a violation of the Eighth Amendment's prohibition of cruel and unusual punishment, a compassionate release motion is an improper vehicle for relief. *See United States v. Pooler*, Case No. 3:18-cr-00137, 2020 WL 7046964, at \*7 (S.D. Ohio Dec. 1, 2020).

Clerk is DIRECTED to mail a copy of this order to the Defendant at the address listed on the docket.

    IT IS SO ORDERED this 26th day of August 2022.

                                            <u>s/ J. DANIEL BREEN</u>
                                            UNITED STATES DISTRICT JUDGE